UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELE SEXTON,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          Defendant. | No. 2:13-cv-1552-EFB<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties' have filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion is granted, defendant's motion is denied and the matter is remanded for further proceedings.

I.     BACKGROUND

Plaintiff filed an application for a period of disability and DIB on June 19, 2008, alleging that she had been disabled since December 1, 2006. Administrative Record ("AR") 217-221. Plaintiff's application was initially denied on November 4, 2018, and upon reconsideration on January 26, 2009. *Id*. at 141, 143-146. On September 10, 2009, a hearing was held before administrative law judge ("ALJ") Walter Orr. *Id*. at 52-78. Plaintiff was represented by counsel at the hearing, at which she and a Vocational Expert ("VE") testified. *Id*.

1

On January 26, 2010, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id*. at 113-123. On March 4, 2010, plaintiff sought review of the ALJ's decision from the Appeals Council. *Id*. at 178-179. The Appeals Council granted plaintiff's request, vacated the ALJ's decision, and remanded the matter for further consideration. *Id*. at 131-132.

A second hearing was held before the ALJ on October 14, 2012. *Id.* at 79-107. Plaintiff was again represented by counsel at the hearing, at which she, a VE, and a medical expert testified. *Id.* at 79-80. On April 5, 2012, the ALJ issued a decision, again finding that plaintiff was not disabled under section 216(i) and 223(d) of the Act. *Id.* at 25-43. The ALJ made the

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2013.

   * * *

2. The claimant has not engaged in substantial gainful activity since December 1, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*).

   * * *

3. The claimant has the following serve impairments: carpal tunnel syndrome, degenerative disc disease of the cervical spine, bipolar disorder, anxiety disorder and organic mental disorder (20 CFR 404.1520(c)).

   * * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

   * * *

5. The claimant has the residual functional capacity to lift, carry, push and pull 50 pounds occasionally and 25 pounds frequently, as well as sit, stand and/or walk 6 hours each out of an 8-hour workday. The claimant's ability to perform the full range of medium work as defined in 20 C.F.R § 404.1567(c) is reduced by inability to handle, finger and feel on more than a frequent basis with the upper extremities. The claimant requires work that does not involve interaction with coworkers. She is limited to understanding, remembering and carrying out simple instructions.

   * * *

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

   * * *

7. The claimant was born on June 8, 1965 and is currently 55 years old, which is defined as an individual of advanced age (20 C.F.R. § 404.1563).

   * * *

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R § 404.1564).

   * * *

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R § Part 404, Subpart P, Appendix 2).

\* \* \*

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R § 404/1569 and 404.1569(a)).

\* \* \*

11. The claimant was not under a disability, as defined in the Social Security Act, since November 26, 2008, the date of the application (20 CFR 404.1520(g)).

*Id.* at 27-42.

Plaintiff sought Appeals Council review, *id*. at 20-21, which was denied on May 31, 2013, leaving the ALJ's April 5, 2012 decision as the final decision of the Commissioner. *Id*. 1-5.

II.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

2001) (citations omitted).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.  ANALYSIS

Plaintiff argues that the ALJ erred in (1) weighing the various medical opinions in the record; and (2) failing to provide clear and convincing reasons for discrediting plaintiff's credibility.

Plaintiff contends that the ALJ improperly rejected the opinions of Dr. Morrow and Dr. Young, both treating physicians, Dr. Mount, an examining physician, and Dr. Cowles, a non-examining medical expert who testified at the October 14, 2012 hearing.  ECF No. 12 at 15-24.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  *Id.*  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual.  *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1295 (9th Cir. 1996).   An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  *Lester*, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence.  *Id.* at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (*e.g.,* supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'"  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

1        Plaintiff first argues that the ALJ failed to provide sufficient reasons for rejecting Dr.
2 Morrow's opinion.  Dr. Morrow, one of plaintiff's treating doctors, diagnosed plaintiff with
3 bilateral carpal tunnel syndrome and cervical radiculopathy on September 7, 2007.  AR at 562.
4 He noted that plaintiff had previously been diagnosed with bipolar disorder.  *Id*.  Dr. Morrow
5 completed an impairment questionnaire on December 13, 2008, which evaluated plaintiff's
6 physical capacity.  *Id*. at 408-415.  Dr. Morrow opined that plaintiff could sit for 8 hours in an 8-
7 hour workday, but stand/walk for only one hour in an eight-hour day.  *Id*. at 410.  He opined that
8 plaintiff must get up and walk around every hour for ten minutes.  *Id*. at 410-411.  He further
9 opined that plaintiff's symptoms would likely increase if she were placed in a competitive work
10 environment; that she could not keep her neck in a constant position; and she could not maintain
11 fulltime work in any capacity.  *Id*. at 412-413.

12        The record also contains a contrary opinion from Dr. James Wright, a state agency non-
13 examining physician that also assessed plaintiff's physical limitations.  *Id*. at 430-437.  Dr.
14 Wright completed a Residual Functional Capacity form on October 31, 2008.  *Id*. at 430-437.[2]  It
15 was his opinion that plaintiff could lift 25 pounds frequently and 50 pounds occasionally;
16 stand/walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour work day; and push and
17 pull without limitation.  *Id*. at 431.  He also opined that plaintiff could frequently balance, stoop,
18 and crouch, and occasionally, kneel, crawl and climb ramps and stairs.  *Id*. at 431.  Given the
19 conflict of opinions, the ALJ could not reject Dr. Morrow's opinion absent specific and legitimate
20 reasons.  The reasons provided by the ALJ are that Dr. Morrow's opinion is inconsistent with
21 plaintiff's daily activities and that plaintiff failed to follow Dr. Morrow's treatment plan.  *Id*. at
22 39.

23        The ALJ explained that plaintiff drives, takes care of her grandson, does light chores such
24 as dusting, shops for groceries, cooks, and attends to her personal hygiene.  *Id*. at 35, 37-38; *see*
25 *also* 60-62.  Daily activities that are contrary to the limitations opined by a doctor serve as a

---

[2] The record also contains an evaluation by Dr. Khan.  AR 400-403.  Defendant misleadingly asserts that Dr. Khan indicated no functional limitations. EFC No. 13-1 at 9.  However, Dr. Khan offered no opinions regarding plaintiff's functional capacity.  *See* AR 400-403.

6

1  legitimate reason for rejecting the doctors opinion.  *See Morgan v. Comm'r Soc. Sec. Admin.*, 169

2  F.3d 595, 601–602 (9th Cir.1999) (an ALJ may reject a treating opinion that is inconsistent with

3  other evidence in the record, including plaintiff's reported daily activities).  It is not clear,

4  however, how the daily activities referenced by the ALJ are inconsistent with Dr. Morrow's

5  opinion.  Dr. Morrow's opinion specifically provided that plaintiff could sit for eight hours in a

6  workday and could stand for one.  AR 410.  An individual with these limitations would still be

7  able to drive a car, take care of a child, go shopping, perform light housework, cook meals, and

8  perform personal hygiene.  Accordingly, the ALJ's finding that Dr. Morrow's opinion is

9  inconsistent with plaintiff's daily activities is not supported by substantial evidence.

10        The ALJ also rejected Dr. Morrow's opinion because plaintiff did not follow Dr.

11  Morrow's treatment plan.  *Id*. at 39.  Dr. Morrow referred plaintiff for a neurosurgery

12  consultation, but plaintiff failed to go through with the consultation.  *Id*. 562.  Plaintiff contends,

13  however, that she did not seek treatment because of a lack of funds, arguing that her failure to

14  have surgery that she cannot pay for cannot be a legitimate reason for rejecting Dr. Morrow's

15  opinion as to her functional limitations.  ECF No. 11-1 at 13-15.  It is unclear how the ALJ

16  reached the conclusion that plaintiff's inability to pay for the needed surgery undermines the

17  credibility of her treating doctor's opinions as to the need for the surgery and as to the functional

18  limitations that result from the untreated condition.  There are some circumstances where failure

19  to seek and comply with treatment affects credibility.  A plaintiff's noncompliance with a

20  treatment plan can serve as a specific and legitimate basis for rejecting a treating physician's

21  opinion.  *Owen v. Astrue*, 551 F.3d 792, 799-800 (9th Cir. 2008).  Similarly, as a general rule, a

22  failure to seek treatment for an allegedly debilitating medical problem may be a valid

23  consideration by the ALJ in discounting a claimant's allegations of associated pain.  *See Flaten v.*

24  *Secretary of HHS*, 44 F.3d 1453, 1464 (9th Cir. 1995).  None of these circumstances are present

25  here.

26        The need for the treatment appears to be beyond question.  The failure to obtain the

27  needed treatment is due to lack of resources.  That is not a legitimate basis for rejecting Dr.

28  Morrow's opinion.  *Cf. Smolen v. Charter*, 80 F.3d 1273, 1284 (9th Cir. 1996) (failure to obtain

1  treatment due to lack of funds is not a clear and convincing reason for discrediting a plaintiff's
2  testimony).

3     Further, there is little question from the record that plaintiff lacked the resources to obtain
4  the treatment.  A treatment note from Dr. Morrow indicated that plaintiff did not have surgery due
5  to "lack of funds."  AR 560.  A psychiatric emergency service evaluation indicates that plaintiff
6  reported becoming unemployed and losing her health insurance.  *Id*. at 365.  This evidence
7  demonstrates that plaintiff failed to follow through with the surgical consultation was due to a
8  lack of funds and insurance.  Accordingly, the ALJ's second reason for rejecting Dr. Morrow's
9  opinion, i.e. that she did not follow through with a proscribed treatment plan, is not legitimate.

10     The Commissioner argues that the ALJ also properly rejected Dr. Morrow's opinion
11  because it was not consistent with the objective record evidence.  ECF No. 13-1 at 12.  The ALJ
12  provided the following:

13
> "A treating physician's opinions are generally entitled to controlling weight when well supported and not inconsistent with the other substantial evidence in the record.  In this instance, I find that the claimant's three visits to Dr. Morrow with no effort to follow up at Parkland Hospital for her carpal tunnel syndrome is inconsistent with a finding that she is disabled and incapable of even sedentary work activity. (20 C.F.R. § 404.15279(e)(1); Social Security Ruling 96-2p; Social Security Ruling 96-5p)." AR 39.

18  Although the ALJ properly observed that he is not required to give controlling weight to
19  an opinion that is unsupported or inconsistent with substantial evidence, the ALJ did not actually
20  find that Dr. Morrow's opinion was unsupported and inconsistent with the record.  Instead, the
21  ALJ relied on plaintiff's failure to follow through with a surgical consultation, which was due to
22  her lack of funds.  As the ALJ did not rely on any inconsistency between Dr. Morrow's opinion
23  and the record, this reason is not a proper basis for upholding the ALJ's decision.  *See Barbato v.*
24  *Comm'r of Soc. Sec. Admin.*, 923 F. Supp. 1273, 1276 n. 2 (C.D. Cal. 1996) ( "[T]he
25  Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision.");
26  *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about
27  the basis of the ALJ's conclusion").
28  /////

The Commissioner also argues that Dr. Morrow was not a treating physician because he only saw plaintiff three times. Given the financial constraints noted above, the court places little emphasis on the number of visits as only three. But there is no doubt from the record that Dr. Morrow's services were sought as a treating doctor and not in consultation for supporting or opposing a claim for disability. Further, the distinction the Commissioner seeks to make here is ultimately immaterial. The ALJ was required to provide specific and legitimate reasons for rejecting Dr. Morrow's opinion regardless of whether he is characterized as an examining or treating physician. *Lester*, 81 F.3d at 830. The ALJ has not done so. Accordingly, he did not provide specific and legitimate reasons for rejecting Dr. Morrow's opinion.

IV.  CONCLUSION[3]

The ALJ failed to apply the proper legal standard and support his decision with substantial evidence. Therefore, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;
2. The Commissioner's cross-motion for summary judgment is denied;
3. The Clerk is directed to enter judgment in the plaintiff's favor; and
4. The matter is remanded for further proceedings consistent with this opinion.

DATED: September 30, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] As the matter must be remanded for the reasons state herein, the court declines to address plaintiff's remaining arguments.